UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 10, 2015

LETTER TO COUNSEL:

      RE:   *James R. Lease v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-3908

Dear Counsel:

On December 17, 2014, the Plaintiff, James R. Lease, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Lease's reply. (ECF Nos. 21, 22, 23). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Lease protectively filed his claims for benefits on October 11, 2011, alleging disability beginning on July 17, 2010. (Tr. 161-65). His claims were denied initially and on reconsideration. (Tr. 92-94, 96-99). A hearing was held on August 20, 2013 before an Administrative Law Judge ("ALJ"). (Tr. 36-55). Following the hearing, on August 30, 2013, the ALJ determined that Mr. Lease was not disabled during the relevant time frame. (Tr. 16-35). The Appeals Council denied Mr. Lease's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Lease suffered from the severe impairment of "back disorders (discogenic/degenerative)." (Tr. 21). Despite this impairment, the ALJ determined that Mr. Lease retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) involving performance of postural activities such as stooping, crouching, and climbing ramps/stairs/ladders/rope/scaffolds on an occasional basis, and frequent crawling, kneeling and balancing.

(Tr. 22) (footnote omitted). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Lease could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr.

30-31).

Mr. Lease presents two arguments on appeal: (1) that the ALJ should have found that he met Listing 1.04A; and (2) that the ALJ erred in making an adverse credibility assessment. While I disagree with the second argument, I agree that the ALJ did not provide sufficient analysis for me to evaluate his finding on Listing 1.04. For that reason, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Lease was not entitled to benefits is correct or incorrect.

Turning first to the unsuccessful argument, Mr. Lease attempts to argue that the ALJ in this case committed an error similar to that considered by the Fourth Circuit in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The *Mascio* Court remanded the case, in part, because the ALJ determined that the claimant's statements "are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 639. The Court found that the ALJ erred by determining an RFC assessment and then measuring the claimant's credibility against that RFC assessment, instead of considering credibility first and then using that information to construct an appropriate RFC assessment. *Id.* In this case, instead, the ALJ found that Mr. Lease's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 23). While the ALJ later stated that "the medical findings do not support the existence of limitations greater than the above listed residual functional capacity," *id.*, that statement does not raise the same concerns as those expressed in *Mascio,* because the statement here does not suggest that the ALJ used the RFC assessment as a baseline for a credibility assessment.

Moreover, the ALJ provided substantial evidence, within his four-to-five page detailed summary of the medical evidence of record, to support his determination that Mr. Lease had a greater functional capacity than he had reported. (Tr. 24-28). After providing the detailed review of the medical evidence, the ALJ concluded that "the limited treatment required, relatively benign physical and mental examinations, minimal objective signs of significant abnormality, and demonstrated daily activities belie allegations of disabling symptoms or functional limitations." (Tr. 28). While Mr. Lease marshals excerpts from the medical record that could potentially support a finding of disability, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990). Because the ALJ provided substantial evidence to support his conclusion, his adverse credibility assessment does not warrant remand.

However, I cannot make a similar finding, on this record, as to the ALJ's evaluation of Listing 1.04A. The ALJ, in fact, does not expressly evaluate that subsection at all. Instead, the ALJ conclusorily notes that "the undersigned has reviewed the claimant's physical impairments using Section 1.01, *et seq.* (musculoskeletal), specifically 1.04 (spine disorders), of the Listing of Impairments contained in 20 CFR Part 404, Appendix 1 to Subpart P. However, the evidence fails to establish an impairment or combination of impairments that is accompanied by the signs

reflective of listing level severity." (Tr. 22). Mr. Lease correctly states that the evidence in fact suggests that, at least at some points in time, he met some of the conditions required in Listing 1.04A. Pl. Mot. 10-23 (citing notes suggesting that Mr. Lease suffered possible nerve root compression, limitation of motion of the spine, neuro-anatomic distribution of pain, weakness, and positive straight leg raising tests). Although the Commissioner alleges that the ALJ's finding was correct because Mr. Lease cannot establish the requisite twelve-month duration for his impairments, Def. Mot. 12-15, the ALJ has provided no analysis on that point, anywhere in his opinion, for me to review. Remand is therefore appropriate for the ALJ to fulfill his duty of explanation as to the reasons underlying his conclusion that Listing 1.04A was not met.

I disagree with Mr. Lease's assertion that it would be appropriate for this Court to award benefits. Where, as here, an ALJ has provided insufficient legal analysis for a Court to conduct a substantial evidence review, it is improper for the Court to make a decision that a claimant qualifies for benefits. *See Radford v. Colvin,* ("Just as it is not our province to 'reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ],' it is also not our province—nor the province of the district court—to engage in these exercises in the first instance.") (internal citations omitted).

For the reasons set forth herein, Mr. Lease's Motion for Summary Judgment (ECF No. 21) and Defendant's Motion for Summary Judgment (ECF No. 22) will be DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge